IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

WJM HOME CARE, LLC; EM HOME CARE, INC.; UZOMA CARE CORP; SANDERS SENIOR CARE, INC.; DIERCKS SENIOR CARE, LLC; WEBER HOME CARE SERVICES, LLC; SOLICITUDE, INC.; REVERE CARE, INC.; BUCKSKIN 903 VENTURES, LLC; GMW SOLUTIONS, LLC; RSGR, LLC; RIVER PHOENIX HEALTH, LLC; GEOCARE, INC.; TAILORED HOME CARE, LLC; MECK, LLC; DITP BUSINESS VENTURES, INC.; AUBBY, INC.; HOME CARE FOR SENIORS MASSACHUSETTS, INC.; COMMONWEALTH SENIOR CARE, LLC; and ESSEX COUNTY SENIOR CARE, LLC,

Plaintiffs,

v.

HOME INSTEAD, INC.,

Defendant.

**8:25CV654**

**MEMORANDUM AND ORDER**

On April 2, 2026, the Court granted defendant Home Instead, Inc.'s ("Home Instead") Motion to Dismiss (Filing No. 59) the Amended Complaint (Filing No. 57) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and dismissed this case with prejudice (Filing No. 67). The Court entered judgment the same day (Filing No. 68).

Four weeks later, plaintiffs WJM Home Care, LLC; EM Home Care, Inc.; Uzoma Care Corp.; Sanders Senior Care, Inc.; Diercks Senior Care, LLC; Weber Home Care Services, LLC; Solicitude, Inc.; Revere Care, Inc.; Buckskin 903 Ventures, LLC; GMW

Solutions, LLC; RSGR, LLC; River Phoenix Health, LLC; Geocare, Inc.; Tailored Home Care, LLC; Meck, LLC; DITP Business Ventures, Inc.; Aubby, Inc.; Home Care for Seniors Massachusetts, Inc.; Commonwealth Senior Care, LLC; and Essex County Senior Care, LLC (collectively, the "plaintiffs") moved the Court to amend or alter its judgment pursuant to Federal Rule of Civil Procedure 59(e) (Filing No. 69). The plaintiffs also requested leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Home Instead opposes the plaintiffs' motion (Filing No. 71), arguing the plaintiffs simply "urge the Court to reconsider arguments [it] already weighed and rejected" in a "well-reasoned decision." For the reasons stated below, both of the plaintiffs' requests are denied.

Like the plaintiffs, the Court starts with Rule 59. "[A]dopted 'to mak[e] clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment,'" *Norman v. Ark. Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (second alteration in original) (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)), Rule 59(e) affords the Court "broad discretion in determining whether to alter or amend judgment," *Uradnik v. Inter Fac. Org.*, 2 F.4th 722, 727 (8th Cir. 2021) (quoting *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 629 (8th Cir. 1999)). "Rule 59 motions are disfavored and 'serve the limited function of correcting manifest errors of law or fact or [presenting] newly discovered evidence." *Tukaye v. Troup*, 157 F.4th 958, 962 (8th Cir. 2025) (alteration in original) (quoting *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998); *accord Akpovi v. Douglas*, 43 F.4th 832, 837 (8th Cir. 2022).

Here, the plaintiffs assert that the Court committed four manifest errors of law. The first three focus on perceived flaws in the Court's Rule 12(b)(6) analysis. As the plaintiffs

see it, the Court manifestly erred by (1) construing Section 5.0 of the Settlement Agreement in isolation rather than considering the contract as a whole, (2) addressing "only the facial ambiguity inquiry under *David Fiala, Ltd. v. Harrison*, 290 Neb. 418 (2015), and never reach[ing] the analytically distinct latent ambiguity inquiry under *Plambeck v. Union Pacific Railroad Co.*, 509 N.W.2d 17, 20 (Neb. 1993)," and (3) dismissing their claim based on an alleged breach of the implied covenant of good faith and fair dealing. None of their proposed errors hold water.

Rather than "inadvertently" failing "to analyze the Settlement Agreement as a whole" as the plaintiffs contend, the Court carefully considered Section 5.0 in context, evaluated the plaintiffs' arguments for a broader interpretation based on the parties' prior mediation, and rejected their claim to rights that did not exist under their agreement with Home Instead. Rule 59 is not a means for the plaintiffs to refine and retool failed arguments. *See*, *e.g., Akpovi*, 43 F.4th at 837.

That principle likewise bars the plaintiffs' attempt to relitigate the Court's determination that they did not plausibly allege a breach of the implied covenant of good faith and fair dealing. In evaluating that claim under Rule 12(b)(6), the Court did not treat it "as duplicative of the express-breach claim" as the plaintiffs surmise.

As for ambiguity, the Court specifically quoted *Plambeck* in discussing the plaintiffs' arguments about latent ambiguity. The plaintiffs simply don't like the Court's ruling. The Court sees no manifest error there either. *See Perez v. Does 1-10*, 931 F.3d 641, 647 (8th Cir. 2019) (affirming denial of a "motion to amend or alter the judgment" where the plaintiffs failed to point "to any manifest errors of law or fact or demonstrate[] any exceptional circumstances that would justify this extraordinary relief").

The plaintiffs last contend the Court manifestly erred by dismissing this case with prejudice. In their view, the Court should have *sua sponte* evaluated their claims for futility and proactively granted them another opportunity to amend their pleading—even though

they did not move for leave to amend or submit a proposed amendment. *See* Fed. R. Civ. P. 7(b)(1) (generally requiring that a request for a court order be made by written motion); Nebraska Civil Rule 15.1(a) (requiring that a party requesting "leave to amend a pleading" attach to their motion "an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments"). The argument is unavailing. *See United States v. Mask of Ka-Nefer-Nefer*, 752 F.3d 737, 742 (8th Cir. 2014) (explaining that a district court that grants "a motion to dismiss is not obliged to invite a motion for leave to amend if plaintiff did not file one").

The plaintiffs rely on the familiar adage from Rule 15(a)(2) that courts "should freely give leave when justice so requires." *See also Foman v. Davis*, 371 U.S. 178, 182 (1962). But the plaintiffs' failure to request leave until after the Court dismissed the case and entered a final judgment changes the analysis. *See*, *e.g.*, *Close v. City of Bellevue Iowa*, 179 F.4th 1109, 1118 (8th Cir. 2026) ("Freely given amendments . . . end once the district court enters judgment."); *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 823 (8th Cir. 2009) (noting that district courts must remain mindful of the Rule 15(a)(2) considerations but recognizing that "interests of finality dictate that leave to amend should be less freely available after a final order has been entered"); *Dorn v. State Bank of Stella*, 767 F.2d 442, 443 (8th Cir. 1985) (per curiam) (clarifying that "different considerations apply to motions filed after dismissal" because the right to amend under Rule 15(a) terminates after the "complaint is dismissed").

"While 'a party may still file a motion for leave to amend and amendments should be granted liberally, such a motion would be inappropriate if the [district] court has clearly indicated either that no amendment is possible or that dismissal of the complaint also constitutes dismissal of the action.'" *Mountain Home Flight Serv., Inc. v. Baxter County*, 758 F.3d 1038, 1045 (8th Cir. 2014) (alteration in original) (quoting *Dorn*, 767 F.2d at 443). "This distinction—between a dismissal of a complaint and a dismissal of an entire

action—depends on whether the court intended the dismissal to be a final, appealable order." *Geier v. Mo. Ethics Comm'n*, 715 F.3d 674, 677 (8th Cir. 2013).

In this case, the plaintiffs waited more than three months after Home Instead moved to dismiss the amended complaint and nearly a month after the Court entered "a final, appealable order" dismissing this case before asking for leave to amend and submitting a proposed amended pleading. *Id.*; *see also Mask of Ka-Nefer-Nefer*, 752 F.3d at 743 (describing the Court's "considerable discretion to deny a [timely] post judgment motion for leave to amend because such motions are disfavored" (alteration in original) (quoting *Roop*, 559 F.3d 823-24)). The plaintiffs "only sought leave after [their amended] complaint failed," despite notice from Home Instead of the very deficiencies that led to dismissal. *Uradnik*, 2 F.4th at 727; *see also Ellis v. Nike USA, Inc.*, 158 F.4th 932, 935 (8th Cir. 2025) (concluding that waiting until after a final order was issued to request leave to amend amounted to unexcused delay); *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (explaining that "[u]nexcused delay is sufficient to justify the court's denial" of leave to amend "if the party is seeking to amend the pleadings after the district court has dismissed the claims it seeks to amend, particularly when the plaintiff was put on notice of the need to change the pleadings before the complaint was dismissed, but failed to do so").

In other words, the plaintiffs "elected to 'stand or fall'" on their amended complaint. *Ellis*, 158 F.4th at 935 (quoting *Mask of Ka-Nefer-Nefer*, 752 F.3d 744). They can't now ask for a do over. *See Tukaye*, 157 F.4th at 963 (clarifying that a proposed amended pleading that purportedly "remedies the deficiencies in [a plaintiff's] prior pleadings by including additional factual allegations sufficient to survive a motion to dismiss . . . is exactly the type of post-judgment amendment that Rule 59 is designed to prohibit").

In these circumstances, the Court sees no grave injustice in letting the plaintiffs "bear the consequences of waiting to address" the deficiencies Home Instead raised until after judgment was entered. *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 629 (8th Cir.

1999); *see also Mountain Home*, 758 F.3d at 1045 (finding no abuse of discretion in denying a motion to amend filed after the action was dismissed); *Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers*, 724 F.2d 1552, 1554-55 (11th Cir. 1984) (choosing an approach that accounts for Rule 15 "without granting the plaintiff carte blanche power to reopen a case at will by filing an amendment"). In light of the foregoing, the plaintiffs' Motion to Amend or Alter Judgment pursuant to Federal Rule of Civil Procedure 59(e) and for Leave to File Second Amended Complaint (Filing No. 69) is denied.

IT IS SO ORDERED.

Dated this 2nd day of September 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge